IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief August 2, 2001

## DAWN A. DUGAN  v. ELLIOTT R. MYERS (DECEASED), ET AL.

Appeal from the Juvenile Court for Washington County
No. JUV 275     John L. Kiener, Judge

**FILED SEPTEMBER 24, 2001**

**No. E2001-00281-COA-R3-JV**

In this paternity case an unwed mother of a minor child appeals a judgment granting visitation privileges to the parents of the father, who is deceased. We vacate the judgment and remand for a determination of whether failing to grant visitation would result in "harm to the child," as contemplated by T.C.A. 36-6-306(b).

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., joined.

John S. Taylor, Johnson City, Tennessee, for the Appellant, Dawn A. Dugan

No Brief was filed for the Appellees, Elliott R. Myers (deceased) and George and Sandra Myers

**OPINION**

This appeal concerns a controversy ancillary to a paternity suit by Dawn A. Dugan against Elliott R. Myers, who was determined to be the father of Elliott R. Dugan, d.o.b. 2/11/2000. Mr. Myers is now deceased. His parents, the grandparents of the child, sought and were granted visitation with the child by the Juvenile Court of Washington County pursuant to T.C.A. 36-6-306.

Ms. Dugan appeals contending that the Juvenile Court did not make a finding of fact relative to harm to the child, which is necessary to authorize visitation.

The record in this case is sparse. The only pertinent matter contained therein is an order of the Trial Court entered on September 26, 2000, granting visitation.

This order explicitly finds that it is in the best interest of the child that visitation be accorded to the grandparents. It is, however, silent as to another requirement under the Statute relative to harm to the child if visitation is not granted.

In this regard the Code Section above referenced provides under Subsection (b), the following:

(b)(1) In considering a petition for grandparent visitation, the court shall first determine the presence of a danger of substantial harm to the child. Such finding of substantial harm may be based upon cessation of the relationship between an unmarried minor child and the child's grandparent if the court determines, upon proper proof, that:

(A) The child had such a significant existing relationship with the grandparent that loss of the relationship is likely to occasion severe emotional harm to the child;
(B) The grandparent functioned as a primary caregiver such that cessation of the relationship could interrupt provision of the daily needs of the child and thus occasion physical or emotional harm; or
(C) The child had a significant existing relationship with the grandparent and loss of the relationship presents the danger of other direct and substantial harm to the child.

(2) For purposes of this section, a grandparent shall be deemed to have a significant existing relationship with a grandchild if:

(A) The child resided with the grandparent for at least six (6) consecutive months;
(B) The grandparent was a full-time caretaker of the child for a period of not less than six (6) consecutive months; or
(C) The grandparent had frequent visitation with the child who is the subject of the suit for a period of not less than one (1) year.

Because the Trial Judge did not make a finding of fact under Subsection (b) as required by the Statute, we deem it appropriate to remand for him--after hearing additional proof, if he deems it necessary--to make a determination regarding "harm to the child."

For the foregoing reason the judgment of the Trial Court is vacated and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged against George and Sandra Myers.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE